LOUIS JACOBY, d. b., *vs.* JAMES BOLEN, p. b.

*Certiorari—Justice of Peace—Constable Appointed as Referee—*
*Court asked to take Judicial Notice that Referee was a Constable*
*of the County—Record need not State that Referees were*
*Judicious and Impartial Men; Not Jurisdictional.*

1.  The Court will not take judicial notice of the fact that a person who was appointed by a Justice as one of the referees in a case, was a constable of the county.

2.  The record of the Justice failed to state that the referees appointed by him were judicious and impartial men of the county. *Held*

that although irregular it was not jurisdictional to fail to state such fact. The presumption is that the Justice did his duty unless it appears to the contrary from the record.

(*March* 23, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Philip L. Garrett* for plaintiff in error.

*Daniel O. Hastings* for defendant in error.

Superior Court, New Castle County, February Term, 1907.

CERTIORARI (No. 76, February Term, 1907), to James W. Robertson, a Justice of the Peace in and for New Castle County.

The record of the Justice set forth, among other things, the following:

"And now to wit: this 17th day of January, A. D. 1907, I issue subpoenas to Charles Green, Constable, for Charles F. Bowers, William D. Stoops and William J. Fisher to serve as referees on Thursday, January 17th, A. D. 1907, at 10 o'clock in the forenoon. Constable returns served personally January 17th, A. D. 1907.

"And now to wit: this 17th day of January, A. D. 1907, the parties present, the referees also being present were by me duly sworn and affirmed according to law. Went into a hearing of the case," etc.

The exceptions relied upon were to the following effect:

*First*, that the record of the Justice showed that he had appointed one Charles F. Bowers to serve as a referee at the hearing below, he being one of the constables serving under said Justice in and for New Castle County.

*Revised Code*, 740.

LORE, C. J.:—How does it appear that the referee is the same Charles F. Bowers who is a constable?

*Mr. Garrett:*—I ask the Court to take judicial notice that Mr. Bowers is a constable of New Castle County.

*Mr. Hastings:*—The Court could not take judicial notice of such a fact, and we do not admit that he is a constable of this county.

(The second exception was to the effect that the record did not state that the Justice appointed three judicious and impartial men of the county, as required by the statute.)

LORE, C. J.:—That would not be a jurisdictional question; it is an irregularity. The presumption is that the Justice did his duty, unless it appears to the contrary. Is there anything in the record to show that they were not judicious and impartial?

*Mr. Garrett:*—In case of residence not being set out, your Honors will not assume that they are residents of the county. It is statutory and part of the qualification of the referees, for they would have no right to try the case unless they were citizens of the county.

(Hastings, for the defendant in error, contended that the record was sufficient.)

*Revised Code,* page 740 *and* page 743; *Hunter vs. Roach,* 1 *Pennewill* 265.

Judgment below affirmed.