———o———

STATE vs. JOSEPH DAVENPORT, CHARLES L. DOYLE, JAMES KENNY and GEORGE VAUGHAN.

1. CRIMINAL LAW—VENUE—LARCENY—PROOF—NECESSITY.

Where an indictment is brought under Act Gen. Assem., March 20, 1905 (23 Del. Laws, c. 206), by which the breaking and entering of any car with intent to steal is made a misdemeanor, the prosecution must prove that the car was broken and entered in the county in which the indictment is laid.

2. BURGLARY—STATUTORY PROVISIONS—ELEMENTS.

Upon an indictment under Act Gen. Assem., March 20, 1905 (23 Del. Laws, c. 206), providing that the breaking and entering of any car, or the

willful entering of any car without breaking, with intent to commit a felony, is a misdemeanor, it must be proved that the car at the time of the breaking contained goods of some value, which were the subject of larceny and owned by the person named in the indictment, and that defendant had an intent to steal such goods.

3. BURGLARY—STATUTORY PROVISIONS—ELEMENTS—"BREAKING."

Under an indictment based upon *Act Gen. Assem. March* 20, 1905 (23 *Del. Laws, c.* 206), the "breaking" which must be proved does not necessarily mean the breaking of a lock or fastening, as there would be a breaking if the car, while not locked, was pushed open and entered; but where the door of the car is already open, and there is an entrance without interfering with the door, there is no breaking.

4. LARCENY—PROPERTY SUBJECT OF LARCENY—NATURE IN GENERAL.

Personal property, including any goods and chattels, is, as a general rule, the subject of larceny.

5. BURGLARY—STATUTORY PROVISIONS—PROPERTY SUBJECT OF LARCENY —OWNERSHIP.

Where an indictment for breaking and entering a car with intent to steal alleges the ownership of the goods described to be in a railroad company, the railroad company need not be the absolute owner of such property; it being sufficient that the goods were in its possession for transportation.

6. BURGLARY—STATUTORY PROVISIONS—INTENT—EVIDENCE.

The intent to be proved under an indictment under *Act Gen. Assem. March* 20, 1905 (23 *Del. Laws, c.* 206), may be proved by circumstantial evidence sufficient to satisfy the jury, not only that the circumstances are consistent with the commission by the accused of the crime charged, but also that the facts shown are inconsistent with any other reasonable conclusion.

7. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—"REASONABLE DOUBT."

"Reasonable doubt" on the part of a jury in a criminal case does not mean a vague, speculative, fanciful, or whimsical doubt, but a substantial doubt, remaining in the minds of the jury after a careful consideration of all the testimony in the case.

Del. case cited: *State v. Tyre*, 6 *Penn.* 343.

Del. statute: *Ch.* 206, *Vol.* 23, *Laws of Del.*

(*September* 23, 1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Franklin Brockson* for the defendants.

Court of General Sessions, New Castle County, September Term, 1909.

INDICTMENT (No. 37 September Term, 1909), for breaking and entering a railroad freight car with intent to commit larceny under *Chapter* 206, *Volume* 23, *Laws of Delaware.*

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The defendants are charged in this indictment with unlawfully breaking and entering a certain car of the Philadelphia, Baltimore and Washington Railroad Company, in this city on the eighteenth day of May of the present year with intent to steal the goods and chattels then and there being in said car.

The indictment is based upon a statute of this state being *Chapter* 206, *Volume* 23, *Laws of Delaware*, which reads as follows:

"That if any person shall break and enter any car, caboose or locomotive, or wilfully or maliciously with or without breaking, enter the same with intent to commit any felony whatever therein, every such offender shall be guilty of a misdemeanor," etc.

In order to convict the defendants, or any of them, the state must have proved beyond a reasonable doubt every essential and material element of the charge, viz.:

1. That the car was broken and entered and in this county. But we say to you that a breaking does not necessarily mean the breaking of a lock or any other fastening. If the car was unlocked or unfastened and was pushed or pulled open by the defendants or any of them, that would constitute a breaking within the meaning of the law. If however, the car door was already open and the entry was made without interfering with or moving the door at all, that would not be a breaking within the meaning and contemplation of law.

2. The state must have also proved that there were goods and chattels within the car at the time of the alleged breaking and entering that were the subject of larceny. Generally speaking, any goods and chattels, that is, personal property, is the subject of larceny. It is charged in this indictment that the goods and chattels alleged to be in the car were the property of the Philadelphia, Baltimore and Washington Railroad Company, and such allegation must be proved. It is not necessary, however, that the

railroad company should have been the absolute owner of the property. If the goods and chattels were in the possession of the company as a common carrier for the purpose of transportation, that would constitute such ownership as would sustain the indictment in that particular.

We also charge you that it was incumbent upon the state in order to sustain this indictment based upon the statute we have mentioned, to prove that the goods and chattels were of some value.

3. The state must have further shown that at the time of the alleged breaking and entering it was the intent of the defendants to steal the goods and chattels in the car, or some part of them. The intent is a material element of the charge contained in the indictment and must be proved just as any other material part of the charge.

Such intent, however, need not be proved by direct evidence. It may be proved by circumstantial evidence. The rule recognized by the court respecting circumstantial evidence and laid down in the late case of *State v. Tyre*, 6 *Pennewill*, 343 (357), (67 Atl. 199,205) is as follows:

"Where the evidence is solely circumstantial, the jury must be fully satisfied, not only that the circumstances are consistent with the accused having committed the act or acts charged as constituting the crime, but they must also be fully satisfied that the facts shown by such evidence are such as to be inconsistent with any other rational conclusion than that the accused was the party who committed the act complained of. The facts established by such evidence must be such as to exclude any other reasonable hypothesis or conclusion."

It is for you to say after carefully considering all the facts and circumstances in the case whether the defendants had the intent to steal the goods and chattels in said car, or any part of them. If you are not satisfied beyond a reasonable doubt that they had such intent your verdict should be not guilty.

In this case, as in any other criminal case, the defendant is clothed with the presumption of innocence, and it is necessary for the State to prove his guilt beyond a reasonable doubt. By a

reasonable doubt, however, is not meant a vague, speculative, fanciful or whimsical doubt, but a substantial doubt remaining in the minds of the jury after a careful consideration of all the testimony in the case.

Verdict, not guilty.