## PATRICK FAHEY vs. JOHN B. NILES.

1. NEGLIGENCE—WHAT CONSTITUTES "ODRINARY CARE."
    Negligence is the want of ordinary care; that is, of such care as a reasonably prudent and careful person would exercise under all the circumstances.

2. NEGLIGENCE—NEVER PRESUMED.
    Negligence is never presumed, but must be proved by the one asserting it.

3. MASTER AND SERVANT—SERVANT'S NEGLIGENCE IMPUTED TO MASTER.
    Negligence of servants in the course of their employment is to be imputed to their master.

4. NEGLIGENCE—HOW PROVED.
    Negligence may be proved by direct or circumstantial evidence.

5. EVIDENCE—"CIRCUMSTANTIAL EVIDENCE."
    Circumstantial evidence is proof of facts from which the fact in issue follows as a natural or very probable conclusion.

6. NEGLIGENCE—CARE REQUIRED IN USE OF DANGEROUS INSTRUMENTALITIES.
    A person using dangerous instrumentalities, as gasoline torches, to remove paint from dwelling, must exercise due and reasonable care to prevent setting it on fire; otherwise, he is liable for consequent damages.

(*December* 6, 1918.)

BOYCE and RICE, J. J., sitting.
*David J. Reinhardt* for plaintiff.
*Reuben Satterthwaite, Jr.*, for defendant.

Superior Court, for New Castle County, November Term, 1918.

SUMMONS CASE, No. 106, November Term, 1917.

Action by Patrick Fahey against John B. Niles to recover damages for injury to and destruction of personal property by fire and water. Verdict for plaintiff.

Error by defendant to the Supreme Court was subsequently dismissed upon application of the parties.

The plaintiff introduced testimony to show that about half past three o'clock in the afternoon of the twenty-first of August, 1917, one of the painters employed by defendant's contractor in removing paint from plaintiff's house, which defendant had purchased, came into the kitchen of plaintiff's residence with a bucket, saying, "We have a slight fire," and, thereupon, got some water and went out with it in the direction of the ladder leading up to the scaffold on which the painters were working burning the paint with gasoline torches from the cornice underneath the mansard roof, the cornice being between the top of the second floor and the bottom of the third floor at the southerly part of the house, directly over the kitchen. One witness testified that she saw smoking rags lying near the cellar door underneath the scaffold. About the same time, the painters came down and were overheard discussing the fire among themselves. About half past six o'clock, the same evening (the painters having left at five), while the family of the plaintiff were eating supper a cry of fire was heard and members of the family ran out of doors, looked up at the building, and saw "terrible smoke, but not so much blaze", coming out of the same place directly over the scaffolding where the painters had been working late in the afternoon one of the witnesses who testified to the occurence of the fire in the afternoon exclaiming, "The painters did it!" Before the fire could be extinguished by the city fire department it resulted in great damage to the house, destroying or greatly damaging by fire, soot or dripping water the furniture in the house.

Employes of defendant's contractor denied that they started the fire and described the precautions they took as follows:

"We had two buckets of water on the swinging stages, one bucket on each. We had two swinging stages up and two men were working on one and two on the other. They each had a bucket of water on their swinging stage and wet the wooodwork all over, while we had the burners burning the paint off, so that it would not cause fire or anything. There were some old bags laying on the ground underneath where Walter Feaster and Joe McNespy were working, and some hot paint fell down on these bags and set them on fire, and Walter went down and got the water and put them out. They were on the cellar door. I will take an oath that I did not see any fire except on the cellar door.

"Q. What, if any, fire was there on the scaffold that afternoon? A. When you scorch the paint, sometimes you get it hot and lay your burner down on the swing to put it out, and these burners were on this swing and Porter went to step across, and when he stepped across the torch caught his overalls on fire. That was the only fire that occurred there that afternoon."

BOYCE, J., charged the jury in part:

This is an action by Patrick Fahey against John B. Niles to recover damages to property alleged to have been occasioned by the negligence of the defendant.

The plaintiff claims that his furniture and household goods were seriously damaged or destroyed by a fire on the twenty-first day of August, 1917, at his then place of residence in this city. It is conceded that the defendant had previously purchased the house in which the plaintiff was residing; and also that the defendant, by and with the consent of the plaintiff, was having old paint burnt off the outside of the house by his employes, who, for the purpose of removing the paint, used gasoline torches. It is the claim of the plaintiff that these workmen negligently set fire to the cornice of the third story of the house and negligently failed to put the fire out, and that in consequence of their negligence, the third story of the house and the furniture therein were destroyed by fire, and that the furniture in the lower stories was very greatly damaged by falling embers, soot and water.

There are five counts in the declaration averring in substance the facts thus stated.

[1-3] Negligence is the basis of this action. Negligence is defined to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under all the circumstances. Negligence is never presumed; it must be proved,and the burden of proving the act of negligence relied upon, to the satisfaction of the jury, rests upon the plaintiff. The

Charge—Verdict.

negligence of the servants of the defendant, if any there was, is imputed to the defendant.

[4]   Negligence may be proved either by direct or circumstantial evidence, and before you can find a verdict in favor of the plaintiff, it is necessary for you to be satisfied by a preponderance of the evidence that it was the negligence of the servants of the defendant, in the course of their employment for the defendant, which caused the fire and the resultant injury complained of.

[5]   Circumstantial evidence is where some facts being proved, another fact, the fact in issue, follows as a natural or very probable conclusion from the facts actually proved, so as readily to gain the assent of the mind from the mere probability of its having occurred.   It is an inference of a fact from other facts proved. *State v. Tyre,* 6 *Pennewill* 343, 357, 67 *Atl.* 199.

[6]   A person using dangerous instrumentalities, such as gasoline torches, for removing paint from a dwelling house, must exercise due and reasonable care to prevent setting the builing on fire; and if such care is not used, and injury to property follows in consequence thereof, liabiltity attaches for the results of the negligence.

If you should find that the damage to the plaintiff's property was not in fact caused by the defendant or his servants, or that it was not caused by the negligent act of the defendant or his servants, or that the plaintiff suffered no damage as a result of the fire, then, of course, your verdict should be for the defendant.   If, on the other hand, you are satisfied by a preponderance of the evidence that the plaintiff has sustained injury by reason of the damage or destruction of his property such as he claims, and that it was due to the negligence of the defendant or his servants as alleged, then your verdict should be for the plaintiff, and for such sum as you find from the evidence the plaintiff has actually sustained by reason of the injury to or loss of his property.   *   *   *

Verdict for plaintiff.