65 N.J. Super. 14 (1961)
166 A.2d 809
PATRICIA MIKRUT, PLAINTIFF-RESPONDENT,
v.
HERBERT PELLOW, EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF GRACE BECKER, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1960.
Decided January 3, 1961.
*16 Before Judges PRICE, GAULKIN and FOLEY.
Mr. Samuel A. Larner argued the cause for defendant-appellant (Messrs. Budd, Larner & Kent, and Hommell & Hommell, attorneys).
Mr. Emanuel A. Honig argued the cause for plaintiff-respondent.
The opinion of the court was delivered by FOLEY, J.A.D.
Defendant appeals from a judgment of the Law Division entered in favor of plaintiff in a negligence case tried without a jury.
Grace Becker, now deceased, was the owner of a three-story, four-family apartment building in Sussex, New Jersey. The first floor was occupied by a drug store; two apartments were on each of the second and third floors. Defendant admittedly reserved control of the stairway, foyer and front doorway used in common by the second and third-floor tenants. Plaintiff had lived with her daughter and son-in-law in one of the third floor apartments since December 1956. On February 9, 1958 plaintiff, while leaving the premises, grasped the handle of the front door with her right hand and attempted to pull the door open. She pulled *17 "hard." The door remained stationary but the handle and shank to which it was affixed came loose in her hand, as a result of which plaintiff, off balance, fell backwards, forcibly striking her lower back against the stairway.
There was ample evidence that for a long period of time the door had been extraordinarily hard to open, that numerous complaints of this had been made to the landlord by tenants, and that the landlord had promised to remedy the condition. It appeared also that in September 1957 the landlord hired one Banks to inspect the door. He planed it, but recommended that a new door be installed because it was "weatherbeaten," and "old and sagging." The landlord authorized the installation, but in October Banks suffered a broken leg and, thereafter, was unable to do this work. For a short time after it was planed the door worked a "little easier," but then it was painted and again became as difficult to open as before. Defendant offered no evidence to refute these facts.
The door handle and shank were put in evidence and we have examined the device. The stripping of the threading is so extensive as to present mute evidence of long and continued hard usage. At least, a fact finder could so conclude.
It is, of course, basic that a landowner is called upon only to remedy defects of which he has notice, or which he had an opportunity to discover and to remedy. Schnatterer v. Bamberger & Co., 81 N.J.L. 558 (E. & A. 1911). Defendant argued at the trial and asserts here that the cause of plaintiff's injury was the sudden and unanticipated failure of the door handle to serve its ordinary purpose, and that the landlord had no prior notice of any defect therein, nor was the ruinous condition of the shank discoverable upon reasonable inspection, and so the defendant was entitled to a dismissal as a matter of law.
Conceding that the landlord had notice of the stubbornly sticky door, defendant nevertheless contends that such notice was immaterial since it was a "latent" defect in the *18 handle, not discoverable upon reasonable inspection, which caused plaintiff's injuries. While the trial court did not base its factual determination upon a finding that the duty of the landlord to reasonably inspect his premises embraced inspection of the interior of the handle, we pause to observe that what a landlord is required to do in the discharge of such duty cannot be defined by arbitrary rule. He is required to do whatever is reasonable under circumstances known to him, or of which he is chargeable with knowledge. It is commonly known that the stress placed upon a door handle is proportionate to the degree of force which is required to pull the door open. We think that a trier of facts, while not compelled to do so, could legitimately infer that where, as here, a landlord knows that the condition of a door is such that the handle is subjected to excessive strain every time the door is pulled open, he is called upon to inspect the interior of the handle to ascertain what effect, if any, the prolonged and unusual stress has had on the opening device, an obligation which obviously would not devolve upon him if the door could be opened by normal physical effort.
But this aside, we think the basic fallacy of defendant's approach lies in the insistence that the defective condition of the door handle, and the defective condition of the door itself, should be regarded as separate and unrelated conditions each requiring notice thereof, actual or implied, as a prerequisite to defendant's liability with respect to the specific defect on which the claim was based. This restriction upon the burden cast on the landlord as a result of the complaints which were made to him we deem to be arbitrary and unwarranted. The landlord was required to exercise reasonable care to so maintain the door which he had provided for his tenants that it could be safely opened by them in ordinary use. Consequently the more and the longer the door stuck, the greater and more urgent became the landlord's obligation to inspect the handle, because of the excessive strain put upon it.
*19 The failure to maintain the door in a reasonably prudent manner was found by the trial court to constitute negligence. It is well settled that it is not necessary that the particular consequences of his negligent act or omission be foreseen in order to charge a tortfeasor with liability therefor. It is sufficient if it be foreseeable that some injury may result therefrom. Mitchell v. Friedman, 11 N.J. Super. 344 (App. Div. 1951). Plainly, the facts gave rise to a permissible inference that the failure of the handle was the direct result of the burden imposed on it by the negligently maintained door. And we think it equally clear that in the circumstances, the judge, as trier of the facts, was entitled to conclude that the danger inhering in such negligent maintenance was reasonably foreseeable by defendant. So viewed, the failure of the handle cannot be regarded as the cause, or even a cause, of plaintiff's injuries. Rather it is revealed merely as a link in the chain between defendant's wrongdoing and plaintiff's injuries. It is this inferable causal relationship between the known defect in the door and the failure of the handle which distinguishes the case from those cited by defendant, viz., Vorrath v. Burke, 63 N.J.L. 188 (Sup. Ct. 1899); Francisco v. Miller, 14 N.J. Super. 290 (App. Div. 1951); McClafferty v. Tide Water Associated Oil Co., 2 N.J. Super. 626 (Law Div. 1949); Stassett v. Taylor Iron & Steel Co., 82 N.J.L. 631 (E. & A. 1912), and renders lack of prior knowledge of a defect in the door handle immaterial. The rationale of the cited cases was that latent defects in mechanisms causing injury, of which defendants in the respective cases had neither actual nor constructive notice, were not so related to the other defects in defendants' premises or equipment of which they did have notice, actual or constructive, as to charge them with notice thereof.
The essence of liability is "legal fault" as it would be determined by the rational thinking of the ordinary man when guided by principles which inhibit speculation. Vide, Prosser, Torts, 218-223 (2d ed. 1955). Tested by this *20 broad principle it would seem that the simplest reasoning could not fail to result in the deduction that the accident-producing fault in this case was the stubborn door for which defendant alone was responsible. In any event, it cannot be denied that such deduction was well within the province of the fact finder and so precluded the granting of defendant's motion for dismissal.
We therefore conclude that the evidence presented factual issues of defendant's liability and that, for the reasons expressed herein, the determination of same was not, as defendant also contends, contrary to the weight of the evidence.
Defendant's remaining point which relates to rulings on evidence is without merit.
Affirmed.