122 N.J. Super. 243 (1973)
300 A.2d 164
STANLEY ZNOSKI AND AGNES ZNOSKI, PLAINTIFFS-RESPONDENTS,
v.
SHOP-RITE SUPERMARKETS, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT, AND EDWARD T. BOWSER, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 15, 1973.
Decided January 30, 1973.
*245 Before Judges COLLESTER, LEONARD and HALPERN.
Messrs. Enright, Bright & Saviet, attorneys for appellant (Mr. Elwyn Saviet, on the brief).
Messrs. Schapira, Steiner & Walder, attorneys for respondents (Mr. Barry H. Evenchick, on the brief).
Mr. Chester A. Morrison, attorney for respondent Edward T. Bowser, Jr., filed a statement in lieu of brief.
PER CURIAM.
This action sought damages as a result of personal injuries sustained by plaintiff Stanley Znoski when he was hit by a shopping cart and fell near the exterior entrance to defendant Shop-Rite Supermarkets, Inc.'s (Shop-Rite) store. Agnes Znoski, Stanley's wife, sued per quod. By a 10-2 verdict against Shop-Rite, Stanley was awarded $25,000 and Agnes $3,000. Shop-Rite's motions for judgment of dismissal at the end of the proofs, judgment n.o.v., or for a new trial were denied. Shop-Rite appeals, contending (a) it breached no duty owed plaintiffs for which an action sounding in negligence will lie; (b) the trial court erred in (1) dismissing its crossclaim against defendant Edward T. Bowser, Jr., and (2) removing the issue of plaintiff's contributory negligence from the jury.
We find no merit in Shop-Rite's contentions that the trial court erred in dismissing the crossclaim against Bowser (the architect who designed the Shop-Rite store), or determining as a matter of law that plaintiff was not guilty of contributory negligence. The lack of proofs in the case warranted the trial court's action.
We turn to the uncontroverted facts to consider the remaining issue. Shop-Rite operated a supermarket at the *246 corner of Dodd Street and Commerce Boulevard in East Orange. It furnished car parking facilities for its patrons immediately adjacent to a sidewalk running the length of the store premises and leading to the entrance and exit doors. The entrance and exit doors operated automatically. They are near each other, but are separated by a metal divider attached to the sidewalk and the building. A short distance to the right of the entrance door is a long and high brick wall in front of which shrubs and small trees are planted. Bordering the planted area and abutting the sidewalk is a wooden curbing, presumably used to protect the plantings. While it is not too clear, it would seem that the curbing was approximately 3 1/2 feet distant from the right edge of the entrance door.
Shop-Rite furnished metal carts in which patrons wheeled their purchases while in the store and often to their cars in the parking lot. On February 17, 1968 plaintiff had parked his car and was on the sidewalk, near the entrance door, when an unknown youth hit him in the back with one of Shop-Rite's carts. The blow propelled plaintiff's body to the right and caused his feet to come in contact with the wooden curbing, resulting in his falling and sustaining the injuries for which this suit has been instituted.
It is undisputed also that the area around the entrance and exit doors was not crowded, and no one had activated the entrance door as plaintiff approached it. Plaintiff produced no expert witnesses to prove that the entrance and exit doors were improprly constructed or designed for the anticipated use by patrons with shopping carts. No expert proof was offered to show that the sidewalk in front of and surrounding the doors, or the wooden curbing abutting the end of the sidewalk, was improperly constructed, designed or maintained for the reasonably safe use by patrons; or that proper design required some form of railing or divider at or near the wooden curb. No proof was offered to show that the use of shopping carts in the area around the doors created a foreseeable danger or hazard requiring special precautions *247 to be taken by Shop-Rite. Nor was proof offered to show that Shop-Rite had actual or constructive knowledge that patrons, or other third parties, used the carts for any purpose or in any manner other than those for which they were designed.
The thrust of plaintiff's argument finds its genesis in Wollerman v. Grand Union Stores, Inc., 47 N.J. 426 (1966), and Taweel v. Starn's Shoprite Supermarket, 58 N.J. 227 (1971). These cases are inapposite. Generally speaking, they dealt with falls within a supermarket resulting from a foreign substance on the floor which foreign substance was an item held for sale by the supermarket in the usual course of its business. Plaintiff equates those cases with the instant case thusly in his brief:
Wollerman teaches that supermarket owners should and must anticipate the carelessness of customers. By providing customers with large, heavy wheeled carts the owner must reasonably anticipate, as within common knowledge, that they will be carelessly used and, because of their size and weight, will cause injury. Contrary to what defendant says, although this particular accident was itself an unexpected occurrence, the general type of injury was not so unexpected that supervision could not have prevented it. It cannot be doubted that had defendant not conducted a self-service business in which it provided shopping carts for the use of customers, plaintiff would not have been injured. Because of the shopping carts, defendant's mode of operation created a substantial risk of injury by the carts it provided for customers' use. Under such circumstances, its duty to protect its invitees from mishap was breached when it did not properly supervise and control the use of such shopping carts by customers. This was clearly a jury question.
We disagree. Wollerman and Taweel stand for the proposition that it is fair to call upon a store proprietor, and not a patron, to explain what happened if it wants to avoid an inference of negligence "Where a substantial risk of injury is implicit in the manner in which a business is conducted." Wollerman, supra, 47 N.J. at 430.
We are unable to say that a substantial risk of injury is implicit, or inherent, in the furnishing of shopping carts to patrons by a store proprietor. Shopping carts are *248 not dangerous instrumentalities, and they are uniquely suitable for the purpose for which furnished. Shop-Rite was under a legal duty of exercising ordinary care to furnish a reasonably safe place and safe equipment for its patrons consistent with its operation and the scope of its invitation. It is not an insurer for the safety of its patrons. The issue is not merely whether it was foreseeable that patrons, or other third parties, would negligently or intentionally misuse shopping carts, but whether a duty exists to take measures to guard against such happenings. As indicated in Goldberg v. Housing Authority of Newark, 38 N.J. 578 (1962)
Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution.
Every human activity involves some risk of harm, but the reasonable probability of having other than a minor accident from the use of carts in Shop-Rite's operation does not give rise to a duty to take measures against it. See 2 Harper and James, The Law of Torts, § 16.9 (1956). So viewed, we find that plaintiff has failed to carry the burden of showing a breach of duty on Shop-Rite's part in furnishing its patrons with carts under the circumstances here existing. In fact, it is difficult to visualize how an incident such as here involved could have been prevented even if reasonable precautions had been taken. By submitting this issue to the jury, the court permitted Shop-Rite's responsibility to be decided on the basis of speculation and conjecture. Genovay v. Fox, 29 N.J. 436, 438 (1959). This same reasoning is applicable to the trial court's permitting the jury to decide, without any expert or other testimony, that the area around the entrance and exit doors and the wooden curbing nearby were improperly constructed or designed.
Considering the totality of the evidence before the trial court, and giving plaintiff the benefit of all reasonable inferences to be drawn therefrom, we are satisfied that fair-minded men could not have determined that Shop-Rite breached a *249 duty owed to plaintiff. Miles v. Parrish, 48 N.J. 554 (1967); Caliguire v. Union City, 104 N.J. Super. 210, 219 (App. Div. 1967), aff'd 53 N.J. 182 (1969). The evidence is clear and convincing, and not incredible in the light of common experience, so that the issue was properly for the trial court and not the jury. Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y., 22 N.J. 482, 494 (1956); Riley v. Weigand, 18 N.J. Super. 66, 71 (App. Div. 1952).
The trial court should have granted defendant's motion for a judgment of dismissal at the end of the proofs. Reversed. Judgment to be entered in favor of Shop-Rite.