JOHN MEADE AND ELEANOR MEADE, PLAINTIFFS-APPEL-
LANTS, v. KINGS SUPERMARKET-ORANGE, DEFEND-
ANT-RESPONDENT.

Argued November 8, 1976—Decided November 30, 1976.

Mr. D. F. Moore Craig argued the cause for appellants (Messrs. Bracken and Craig, attorneys).

Mr. Herbert C. Klein argued the cause for respondent (Messrs. Krieger and Klein, attorneys).

PER CURIAM. After a jury trial plaintiffs were awarded damages on account of personal injuries sustained when Mrs. Meade was struck by a line of shopping carts and propelled through a plate glass window as she and her husband were leaving defendant's store premises. Mr. Meade likewise suffered injuries from falling glass when he went to his wife's assistance. The Appellate Division reversed the judgments entered in plaintiffs' favor, relying in part on *Znoski v. Shop-Rite Supermarkets, Inc.,* 122 *N. J. Super.* 243 (App. Div. 1973), and held that the only proximate cause of the accident was the action of a youngster who rode the shopping carts down a ramp and drove them directly into Mrs. Meade. We granted plaintiffs' petition for certification, 69 *N. J.* 392 (1976).

We reverse and reinstate the judgments for plaintiffs. There was abundant proof from which the jury could have concluded that the design and construction of the premises were defective in respect of the pitch of the ramp and an obstruction to vision created by a wall to the left of patrons leaving the store, proximately resulting in Mrs. Meade's being struck by a primitive but dangerously effective guided missile. The type of occurrence which took place

here, with a line of shopping carts being moved in and around supermarket premises, is all too commonplace and assuredly not beyond the realm of foreseeability. See *e. g., Braitman v. Overlook Terrace Corp.*, 68 *N. J.* 368, 380 (1975); *Bacak v. Hogya*, 4 *N. J.* 417, 424 (1950); *Mikrut v. Pellow*, 65 *N. J. Super.* 14, 19 (App. Div.) certif. den., 34 *N. J.* 464 (1961). To the extent that the Appellate Division looked to *Znoski, supra,* for guidance, that reliance was misplaced. That case is still respectable authority on its precise facts but is readily distinguishable, since in *Znoski* there was no allegation or proof of improper construction or design or of causal connection thereof with the accident.

We have examined the other grounds assigned by defendant as error in its appeal to the Appellate Division and find them to be without merit.

Reversed.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.