[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Vita Samuelson, filed a negligence action against the defendant, J.C. Penney Co., Inc., alleging that while she was in the defendant's store, she was struck by a shopping cart operated by a minor child. The plaintiff alleges that the defendant was negligent for failing to supervise the minor child and that the defendant was negligent for failing to secure its shopping carts so that they could not be used by minors.
The defendant has filed a motion to strike the complaint on the ground that the plaintiff has failed "to state a claim upon which relief can be granted." The defendant argues that it did not have a duty "to prevent a minor child from striking [the plaintiff] with a shopping cart" and that even if it owed a duty to the plaintiff, the actions of the defendant were not the proximate cause of the plaintiff's injuries.
The plaintiff, in turn, argues that the defendant owed her a duty as an invitee, and that the defendant's actions were a substantial factor in producing her injuries.
A motion to strike tests the legal sufficiency of the allegations of a complaint. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). CT Page 1726 "`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.'" (Citation omitted.) Id., 215.
In order to allege a legally sufficient action for negligence, the plaintiff must allege that the defendant owed her a duty that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries. Doe v. Manheimer, 212 Conn. 748, 755, 563 A.2d 699 (1989), citing Catz v. Rubenstein, 201 Conn. 39, 44 513 A.2d 98 (1986). "Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform." Behlman v. Universal Travel Agency, Inc., 4 Conn. App. 688, 691,496 A.2d 962 (1985).
A patron or customer is an invitee of a store. Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521, 615 A.2d 1087 (1992); see also Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323,335 n. 4, 612 A.2d 1197 (1992). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe."
Here, the issue is whether the defendant had a duty to prevent third persons from operating shopping carts in a dangerous manner. Connecticut caselaw does not specifically address the factual situation where a customer is injured by a shopping cart operated by another customer. Consequently, caselaw from other jurisdictions is instructive.[1]
"`A proprietor is not an insurer of the safety of his customers but is charged with the duty of maintaining his premises in a reasonably safe condition.'" (Citation omitted.) Palmer v. F.W. Woolworth Company, 451 S.W.2d 850, 851 (Ky.App. 1970). A shopping cart is not dangerous in itself. Fleming v. Allied Supermarkets, Inc., 236 F. Sup. 306, 309 (W.D. Ok. 1964); Jackson v. Hearn Brothers, Inc., 59 Del. 7, 212 A.2d 726,727 (1965). "We are unable to say that a substantial risk of injury is implicit, or inherent, in the furnishing of shopping carts to patrons by a store proprietor." Znoski v. Shop-Rite Supermarkets, Inc., 122 N.J. Super. 243, 300 A.2d 164, 166
(1973). Consequently, a proprietor does not have a duty to take preventative measures to protect patrons from negligent or intentional misuse of shopping carts by third persons. Id., 166-67. CT Page 1727
Unless, however, the proprietor has actual or constructive notice of that danger. Fleming v. Allied Supermarkets, Inc., supra, 309; see also Bernstein v. The Grand Union Company,148 Conn. 726, 727-28, 169 A.2d 267. Thus, a store owner did not owe a duty to a customer to prevent another customer from pushing her in line against her shopping cart when the proprietor did not have time to learn of the danger. Palmer v. F.W. Woolworth Company, supra, 852-53. A store had no duty to anticipate that a supervised child pushing a shopping cart posed a danger to customers. Cashman v. Reider's Stop-N-Shop Supermarket, 29 Ohio App.3d 142, 504 N.E.2d 487, 489 (1986). However, the store would have a duty to act if it knew or should have known that children were creating a danger to other customers. See Id., 488-89. In Fleming v. Allied Supermarkets, Inc., supra, 307-08, the plaintiff was struck by a shopping cart operated by a minor child who had been running down the aisles in front of store employees anywhere from eleven to thirty minutes. The court found "that this dangerous condition was actually known to and observed by employees of the defendant prior to the accident herein, but if not known, existed over such a period of time in plain view that in the exercise of ordinary care the same should have been known and eliminated by the defendant." Id., 308-09.
The court holds the defendant did not owe the plaintiff a duty to take preventative measures in anticipation that a third person or child might misuse a shopping cart. Here the plaintiff has not alleged facts showing that the defendant had actual or constructive notice that the child who struck the plaintiff posed a danger to other customers in using the cart. Considering the facts in the light most favorable to the plaintiff, the plaintiff has not sufficiently alleged that the defendant had a duty to supervise the minor child. Accordingly, the defendant's motion to strike is granted.
/s/ McDonald, J. _________________________ McDONALD