[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 139
On January 13, 1995, the plaintiffs, Pearl Freundlich and Sam Freundlich, filed a second amended complaint seeking damages arising out of injuries Pearl Freundlich allegedly sustained upon entering premises known as "Stew Leonard's" located in Danbury, Connecticut.
The plaintiffs allege in the first count that Stewart J. Leonard, Jr., Thomas P. Leonard, Lizabeth Leonard Hollis and Jill Leonard Tavello ("defendants") were the owners and operators of a dairy store/supermarket known as "Stew Leonard's." The plaintiffs allege that on October 5, 1991, Pearl Freundlich while entering the store at its entrance as a patron, collided with a youth and fell, allegedly causing her injuries. According to the plaintiffs, the collision occurred "in the close proximity to a security guard" who was an alleged employee of the defendants. The plaintiffs allege that the injuries and damages suffered by Pearl Freundlich resulted from the negligence of the defendants.
The second count incorporates the allegations as set forth in the first count, and further alleges a loss of consortium on behalf of Sam Freundlich.
On January 18, 1995, the defendants filed a motion to strike the plaintiffs' second amended complaint on the ground of legal insufficiency.[1] The defendants have filed a memorandum of law CT Page 4955 in support of their motion. The plaintiffs have filed a memorandum of law in opposition to the defendants' motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (Super.Ct., 1983). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiffs' allegations, if proved, state a cause of action. Id.
In their supporting memorandum, the defendants argue that the first count of the plaintiffs' second amended complaint is legally insufficient for that count fails to allege that they owed Pearl Freundlich a duty that was breached, and that the breach was the proximate cause of her injuries. The defendants maintain that the plaintiffs' allegations really allege that the defendants failed to supervise a minor child, but do not allege that the defendants had any notice of the child who ran into Pearl Freundlich. The defendants postulate that they did not owe Pearl Freundlich a duty "to take preventive measures in anticipation that a child would run into the plaintiff," and rely on Samuelson v. J.C. Penney Co., Inc., 9 CSCR 257 (February 22, 1994, McDonald, J.) in support of that proposition.
Finally, the defendants argue that since the first count is legally insufficient and should be stricken, the second count alleging a loss of consortium should also be stricken as it is derivative of the first count. The plaintiffs counter in their opposition memorandum that their complaint sufficiently sets forth the elements of a negligence cause of action. The plaintiffs posit that Pearl Freundlich's status as a business invitee constitutes a "relationship," and that based upon that relationship, the defendants owed Pearl Freundlich a duty to keep the premises safe for foreseeable users. The plaintiffs position is that the defect in the present case was "the crowded and congested atmosphere that the defendants created in the common entrance/exit area," and due to those conditions, the defendants should have anticipated that customers would bump into each other. Therefore, the plaintiffs postulate that the conditions CT Page 4956 created by the defendants proximately caused the plaintiffs' injuries.
The plaintiffs also maintain that since the first count sets forth a legally sufficient cause of action, the second count, which incorporates that first count, is also legally sufficient and should withstand the defendants' motion to strike.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, ___ A.2d ___ (1994). "The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Id. "In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present." Coste v. Riverside Motors, Inc., 24 Conn. App. 109,113, 585 A.2d 1263 (1991).
In the present case, the plaintiffs' allegations are that her injuries and damages were a result of the defendants' negligence in the following ways:
 a. They failed to reasonably instruct their employees to stop children from running in the store or maintain a look-out for children running in the store when they knew or should have known that children running in the store created a risk of harm, as aforesaid, to patrons, such as the plaintiff Pearl Freundlich.
 b. They failed to post signs asking parents to restrain their children from running within the store when they knew or should have known that children running in the store created a risk of harm, as aforesaid, to patrons, such as the plaintiff Pearl Freundlich.
 c. They failed to employ a reasonable number of security personnel given all the circumstances then and there prevailing when they knew or should have known that children running in the store created a risk of harm, as aforesaid, to patrons, such as the plaintiff Pearl Freundlich.
 d. The security guard posted at the entrance, an employee of defendants, did fail to maintain a reasonable look-out for CT Page 4957 the child who ran into the plaintiff and to instruct said child to stop running in the store.
 e. They maintained the premises so that the patrons exiting the store, and the patrons entering the store used a common entry way, creating an unreasonable amount of congestion and an unreasonably dangerous condition, as aforesaid, and defendants knew or should have known of such unreasonably dangerous condition.
(Second Amended Complaint dated January 12, 1995, par. 4.)
The implications of the plaintiffs' allegations are that (1) the defendant has a duty to ensure the safety of those shopping at its store; and (2) Pearl Freundlich would not have been injured without the defendants' alleged negligence.
Viewed in the light most favorable to the pleader, the plaintiffs have, at a bare minimum, sufficiently plead the elements of a negligence action. Furthermore, a reading ofSamuelson v. J.C. Penney Co., Inc., supra, 9 CSCR 257, does not require a contra ruling. Samuelson involved a plaintiff struck by a shopping cart operated by a child wherein the court held that "the plaintiff has not alleged facts showing that the defendant had actual or constructive notice that the child who struck the plaintiff posed a danger to other customers in using the cart." Id., 258. In the present case, the plaintiffs have alleged that the defendants knew or should have known that their acts or omissions would create a risk of harm to those invitees using the premises.
Based on the foregoing, the defendants' motion to strike is denied.
Stodolink, J.