**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3327-18T2

THERESA YAKUP and
JOSEPH YAKUP,

      Plaintiffs-Appellants,

v.

VILLAGE SUPERMARKETS
INC., t/a SHOPRITE OF
ABSECON #633,

      Defendant-Respondent.

_____

Argued February 11, 2020 – Decided April 27, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0908-17.

Charles Z. Schalk argued the cause for appellants (Savo, Schalk, Gillespie, O'Grodnick & Fisher, PA, attorneys; Charles Z. Schalk, of counsel and on the briefs).

James Nicholas Barletti argued the cause for respondent (Gold Albanese Barletti & Locascio, LLC,

attorneys; James Nicholas Barletti, of counsel and on the brief).

PER CURIAM

Plaintiffs Theresa and Joseph Yakup appeal from a February 21, 2019 order granting summary judgment in favor of defendant Village Supermarkets Inc., t/a ShopRite of Absecon #633, and a March 29, 2019 order denying reconsideration. We affirm.

We derive the facts from the summary judgment record.[1] Defendant owns and operates a ShopRite supermarket in Absecon. There is a sidewalk running the length of the front of the store. Immediately adjacent to the sidewalk is a parking lot. There are shopping carts available for customers to use while in the store and to take their groceries to the parking lot. The carts are lined up at the entrance to the store or in a corral in the parking lot.

On the day of these events, plaintiffs arrived at the ShopRite and parked their car. Joseph stated that when he got out of his car there was a shopping cart next to it. He explained: "I picked it up, took it up a little grade, you know, to the ShopRite, then it levels off and I pushed it into the other carriages . . . ." As Joseph started walking into the store, he "heard [Theresa] behind [him] running

---

[1] We were provided limited pages of the deposition transcripts of both plaintiffs and Jeffrey Marinelli, a ShopRite representative.

2

and [he] turned around and . . . [saw] her fall, . . . lung[ing] for the carriage . . . ." Joseph was not sure if Theresa "lunged" for the same carriage he had just pushed into the line of carts.  He described seeing her with "[b]oth hands . . . out when she lunged for that carriage and it started down the ramp and it just took off and she just missed it and she fell."

Theresa testified that as she started to go into the store, she saw a cart rolling out of the "corner of [her] eye."  She said she started to run after it and "[she] must have tripped on something" and fell.  Theresa could not identify any specific defect in the pavement that might have caused her to fall.  Defendant's surveillance camera captured plaintiffs' movements after they exited their car and headed into the store.[2]

Plaintiffs instituted suit against defendant, stating Theresa had "tripped over uneven pavement in the parking lot" and fallen while chasing a shopping cart.  Plaintiffs alleged defendant was negligent in "not adequately maintaining the common public areas of its property . . . ."

After the completion of discovery, defendant moved for summary judgment, arguing plaintiffs had not established the existence of a dangerous

---

[2]  As part of our review of the record on appeal we have seen the video.  Nothing in the video materially contradicts the trial judge's factual findings.  See State v. S.S., 229 N.J. 360, 374-81 (2017) (clarifying the limited scope of appellate review of factual findings based on video evidence).

condition of which defendant had actual or constructive notice. Therefore, plaintiffs could not demonstrate defendant breached its duty to them and could not support their claim of negligence. In opposition, plaintiffs argued defendant breached its duty to exercise reasonable care towards its invitees by failing to provide a safe storage area for the shopping carts and creating a dangerous condition – a grade in the pavement – that allowed runaway carts to go into traffic. Plaintiffs contended it was for a jury to determine whether defendant created a dangerous condition, and whether Theresa's accident was reasonably foreseeable.

On February 21, 2019, after hearing argument and reviewing the surveillance video of the incident, the motion judge granted defendant's motion. The judge concluded that defendant did not owe a duty to plaintiffs because they had not established the existence of a dangerous condition that was reasonably foreseeable. Plaintiffs had not proffered any evidence demonstrating the pavement had any defects that would have led to Theresa's fall or that there was a safer manner to store the carts. In addition, the judge found plaintiffs needed an expert to support their claim that "the pitch of the ramp or some improper construction or design" created a dangerous condition and whether such a condition was reasonably foreseeable by defendant.

The judge reasoned:

4

> The simple facts here, as demonstrated in the video of the accident, are that [Joseph] pushed the subject shopping cart[] towards the store seconds before [Theresa's] accident and failed to appropriately secure the cart, resulting in it rolling down the sidewalk. There was no reasonable act . . . [d]efendant could have performed differently that would have prevented this accident.

The judge also rejected plaintiffs' argument that the mode of operation rule applied. He stated that the mere occurrence of an injury on a supermarket's property does not automatically invoke the rule. See Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). Furthermore, shopping carts were not themselves dangerous instrumentalities.

Plaintiffs' motion for reconsideration was denied in a written decision on March 29, 2019. The judge clarified in this opinion that defendant owed a general duty of care to maintain its property in a reasonably safe condition for the use of its customers. However, although plaintiffs claimed the pavement was uneven, which caused the shopping cart to roll, they had not identified a specific defect, such as a hole or crack, in the pavement. Nor had plaintiffs proffered expert testimony regarding any dangerous condition. Without an expert, jurors would have to speculate whether the pavement was uneven at all, and whether the alleged uneven surface constituted a dangerous condition.

5

The judge noted the video did not support plaintiffs' contentions. To the contrary, he stated that "[t]he video confirms that . . . [Theresa] did not trip and fall on a 'defect' in the pavement – which is a fact that she apparently has acknowledged in her Answers to Interrogatories."

Lastly, the judge determined the accident was not foreseeable. He stated that the accident could have been avoided if Joseph had exercised care in properly securing the cart in the corral and Theresa had exercised care in not chasing after the cart and falling on the sidewalk, which did not have any identifiable defects or dangerous conditions. The judge concluded "[d]efendant had no duty to . . . [p]laintiff[s] to maintain or design its premises in a manner that would foresee and avoid the string of events that occurred here."

On appeal, plaintiffs argue the motion judge erred in finding they failed to establish a prima facie case of negligence because defendant breached its duty to plaintiffs as customers to maintain a shopping cart area with even pavement to prevent carts from rolling into traffic.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (citation omitted). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are

6

sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

This court reviews the denial of a motion for reconsideration for an "abuse of discretion." Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (quoting CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995)).

Applying these standards, we conclude the motion judge properly granted summary judgment and denied reconsideration. Although the judge was

7

mistaken in his first decision that defendant did not owe plaintiffs a duty, he corrected that determination in the decision denying reconsideration.

It cannot be disputed that defendant owed a duty to plaintiffs as its customers. However, because plaintiffs have not established that defendant breached its duty, we affirm.

The duty of care a business owner owes to an invitee is well-established:

> Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation. The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.
>
> [Nisivoccia, 175 N.J. at 563 (citations omitted).]

The mere fact that a person may have fallen, in and of itself, is insufficient to establish liability against a defendant. Simpson v. Duffy, 19 N.J. Super. 339, 343 (App. Div. 1952). An injured plaintiff must ordinarily prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Nisivoccia, 175 N.J. at 563. However, a plaintiff need not prove actual or constructive notice where, under the circumstances, there was a reasonable probability that "a dangerous condition [was] likely to occur as the result of the nature of the business, the property's condition, or a

8

demonstrable pattern of conduct or incidents." Ibid. In that instance, under the mode of operation rule, the plaintiff is entitled to an "inference of negligence, imposing on the defendant the obligation to come forward with rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Id. at 563-64.

We do not agree that Nisivoccia supports the invocation of the mode of operation rule here. In Nisivoccia, because food was offered on a self-service basis in open bags and containers and could foreseeably fall or spill on the floor, the mode of operation rule was applicable. Id. at 561 (loose grapes displayed in open-top, vented plastic bags); see also Simpson, 19 N.J. Super. at 342 (loose vegetables displayed in counter bins).

The mere provision of shopping carts for use by customers via a self-service cart corral does not raise a substantial risk inherent in defendant's mode of doing business. Therefore, the mode of operation rule is not available here.

Plaintiffs further assert the motion judge improperly distinguished the present circumstances from those set forth in Meade v. Kings Supermarket-Orange, 71 N.J. 539 (1976). There, a child was riding on a line of shopping carts down an exit ramp at a supermarket. Id. at 540. The plaintiff was struck by the carts as she exited the store and was propelled through a plate glass window. Ibid. In reinstating the jury verdict in favor of the plaintiffs, the Court

9

held there was sufficient expert testimony from which a jury could find the design and construction of the ramp was defective and that the movement of shopping carts in and around the supermarket premises was reasonably foreseeable. Id. at 540-41.

We agree the motion judge properly distinguished Meade from the circumstances here. Plaintiffs have not identified any defect in the pavement that caused Theresa's fall. Theresa stated she "tripped on something" but could not pinpoint any specific defect in the pavement. There was no expert testimony presented to establish the design or condition of the pavement created a dangerous condition.

We see the circumstances here as more akin to those in Znoski v. Shop-Rite Supermarkets, Inc., 122 N.J. Super. 243 (App. Div. 1973). There, the plaintiff was injured when he was struck in the back by a shopping cart outside the doors of a supermarket. Id. at 246. The plaintiff argued that the defendant should have anticipated the carelessness of customers using the carts and the possibility of injury. Id. at 247. We found, to the contrary, that shopping carts are not dangerous instrumentalities, but rather, are tools of convenience uniquely suited for the purpose for which they have been furnished. Id. at 247-48.

10

We said, "[e]very human activity involves some risk of harm, but the reasonable probability of having other than a minor accident from the use of carts in Shop-Rite's operation does not give rise to a duty to take measures against it." Id. at 248. We held it was improper for the jury to speculate "without any expert or other testimony" that the area around the store's doors was improperly designed or constructed. Ibid.

As plaintiffs have not established the existence of a dangerous condition or that defendant had actual or constructive notice of it, they cannot demonstrate defendant breached its duty to them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11