## Leroy Behlman et al. *v.* Universal Travel Agency, Inc.
### (2698)

DuPont, C.P.J., Borden and M. Hennessey, Js.

Argued June 7—decision released August 13, 1985

*Eddi Z. Zyko,* for the appellants (plaintiffs).

*N. Warren Hess III,* for the appellee (defendant).

M. Hennessey, J. The plaintiffs brought an action to recover damages against the defendant travel agency. The action was in two counts, the first for breach of contract and the second for negligence in carrying out its contractual obligations. The plaintiffs appeal from the judgment for the defendant on both counts.

The trial court found the following facts. The plaintiffs, nineteen in number, paid $399 each for transportation, lodging, guaranteed admission and a ticket to Super Bowl XII in New Orleans. Each of the plaintiffs entered into an individual contract with Octagon Travel Center, Inc. Although the plaintiffs were promised tickets by Octagon when they left Connecticut and again in New York, when they arrived in New Orleans, no tickets were forthcoming.

The defendant supervised the transfer of funds between the plaintiffs and Octagon, as well as answering the inquiries of the plaintiffs and doing the necessary paper work. The defendant made no guarantees since the contracts were solely between the plaintiffs and Octagon. The spokesman for the plaintiffs' group talked directly with Octagon and obtained necessary assurances on information he was seeking, one of which was the availability of tickets. The plaintiffs made a claim against Octagon, and each received only $75.

The trial court concluded that the plaintiffs had not entered into contractual relationships with the defendant under which it owed a duty to the plaintiffs.

The plaintiffs assign as error essentially (1) that the trial court erred in ruling that the plaintiffs' contracts and guarantees were with Octagon and not with the defendant, (2) that the trial court erred in ruling that the defendant was Octagon's agent and that the plaintiffs were aware of this fact and acted accordingly, and (3) that the court erred in ruling that the defendant owed no duty to the plaintiffs and therefore could not be liable for negligence.

The plaintiffs' first claim is that the court erred in finding that the plaintiffs' contracts and guarantees were with Octagon and not with the defendant. The trial court had before it the individual written contracts entered into between each plaintiff and Octagon. The

uncontroverted evidence before the trial court was that the plaintiffs' spokesman talked directly with Octagon by phone and received assurances from Octagon as to the availability of tickets. The trial court found specifically that no guarantees were given by the defendant because the contracts existed solely between the plaintiffs and Octagon.

On the basis of the evidence, the trial court reasonably determined that the contracts entered into by the plaintiffs were with Octagon and that such guarantees as were given were given to the plaintiffs by Octagon. It is the function of the trial court to weigh the evidence and judge the credibility of the witnesses. *Murphy* v. *Dell Corporation,* 184 Conn. 581, 583, 440 A.2d 223 (1981); *Filosi* v. *Hawkins,* 1 Conn. App. 634, 641, 474 A.2d 1261 (1984). Our role is to decide whether the trial court's decision is clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We conclude that the findings of the trial court that the plaintiffs' contracts and guarantees were with Octagon and not the defendant are not clearly erroneous.

The plaintiffs' next claim is that the trial court erred in finding that the defendant was Octagon's agent and that the plaintiffs were aware of this and acted accordingly. The existence of an agency relationship is a question of fact for the trier. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979). To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal. *Klepp Wood Flooring Corporation* v. *Butterfield,* 176 Conn. 528, 532–33, 409 A.2d 1017 (1979). An agent, by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for its nonperformance. 2 Restatement (Second), Agency § 328.

The trial court had evidence before it from which it could and did conclude that the defendant was nothing more than a middleman, a mere scrivener, acting in a representative capacity for an identified principal. We hold that the trial court's finding is not clearly erroneous.

The second count of the plaintiff's complaint states a cause of action for negligence, which is the basis for the plaintiff's final claim. "To sustain a cause of action [in negligence], the court must determine whether the defendant owed a duty to the [plaintiffs]; *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 375, 441 A.2d 620 (1982); and the applicable standard of care. *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 482, 356 A.2d 117 (1975). The existence of a duty is a question of law. . . . Only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.) *Shore* v. *Stonington,* 187 Conn. 147, 151–52, 444 A.2d 1379 (1982).

Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform. Here, the trial court found that the defendant's part in its relationship with the plaintiffs was to supervise the transfer of funds between the plaintiffs and Octagon, as well as answering the inquiries of the plaintiffs and doing the necessary paper work. The trial court found that a contract existed between the plaintiffs and Octagon, and that there was no contractual relationship between the plaintiffs and the defendant. The trial court found that the claimed acts of negligence were solely the obligation of the insolvent contractor, Octagon, and concluded that the plaintiffs had failed to prove by a fair preponderance of the evidence any breach of duty owed to them by the

defendant. We hold that the trial court's conclusion is not clearly erroneous.

There is no error.

In this opinion the other judges concurred.