[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a motion to set aside the jury verdict and for judgment notwithstanding the verdict. The motion is granted.
The plaintiff alleged that she suffered injuries as a result CT Page 4135 of a fall at the defendant's supermarket on June 26, 1990. She was in the lobby area exiting the store when she slipped on a grape.
The plaintiff was a business invitee to whom the defendant owed a duty to keep the premises in a reasonably safe condition. If that duty was breached, the plaintiff could recover damages if she proved that the defendant had actual or constructive notice of the defect within a reasonable time to remedy it. Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521.
The supermarket had no actual knowledge of the grape on the lobby floor. Therefore, the issue is whether the defendant had constructive notice of the alleged defect.
 "Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. (Citations omitted).
 While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition (citations omitted) some evidence is required. Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case."
Gulycz, supra 52
Mrs. Murolo testified that she finished shopping and proceeded to leave the supermarket pushing the shopping cart through the lobby area. As the door automatically opened her foot slipped and she fell backward. After she fell she saw the grape. Her friend, Gemma DiBlasi, who accompanied her, picked up the grape which was green, "wet," and "squished." Mrs. DiBlasi said that one "could see the liquid on the floor." There was nothing else observed on the floor by Mrs. Murolo or CT Page 4136 Mr. Huminski, the store manager. This accident occurred around 11 or 11:30 — the plaintiff testified as to both times. The store manager made his round of the store starting at 7:00 a.m. and then again around 9:00 a.m. checking the store every 45 minutes to an hour. On the day of the accident he inspected "anywhere from 9:00 to 9:15" and then inspected the lobby again at 10:45. He did not see the grape on the lobby floor at that time.
In Gulycz, the plaintiff claimed that the supermarket had constructive notice of a protruding hinge and screw on which he had struck his knee. However, there was no evidence that the defect had "existed for a sufficient length of time so as to enable an inference of constructive notice. . . .If there had been some evidence that the defect existed prior to the injury, the trier of fact would have had a basis to determine whether the length of time was sufficient to permit a reasonable inference of constructive notice." Gulycz, supra, 521, 522.
In the instant case there was no evidence direct or circumstantial that could establish constructive notice. None of the witnesses saw the grape before Mrs. Murolo fell. When they did see it, it was green and wet and squished, suggesting it had not lain on the floor for a significant period of time.
"Evidence which does no farther than to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant." Horris v. King Cole Stores Inc., 132 Conn. 489, 494.
It is this court's opinion that Mrs. Murolo's evidence went no further than to show the presence of the grape on the floor. The jury did not have before it sufficient reasonable evidence to determine the length of time the grape was on the lobby floor.
Absent such evidence it could not find the defendant had constructive of the defect.
Accordingly, the defendant's motion to set aside the verdict is granted and judgment entered in favor of the defendant.
LEHENY, JUDGE CT Page 4137