[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment as to counts five and six, on the ground that there are no genuine issues of material fact remaining and that the defendants are entitled to judgment as a matter of law.
The plaintiff, Janice MacArthur, filed a six count complaint against the defendants the Town of Suffield the Commissioner of Transportation, Emil Frankel, and George and Gertrude Lathrop [the Lathrops]. Counts five and six, which are the subject of the motion presently before the court, are directed against the Lathrops and sound in negligence and nuisance, respectively. The plaintiff alleges that she was injured when she fell on a public sidewalk abutting the Lathrops' property. The plaintiff alleges that the sidewalk was in a state of disrepair that made it hazardous to pedestrian traffic. CT Page 2207
On August 13, 1993, the Lathrops filed a motion for summary judgment, as to counts five and six, a memorandum in support of the motion and exhibits pursuant to Practice Book 379 and 380. In their memorandum, the Lathrops argue that there are no genuine issues of material fact remaining and that they are entitled to judgment as a matter of law because they owed no duty to the plaintiff and because they have committed no affirmative act that would make them liable for a nuisance. On November 5, 1993, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 380; Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
(Citations omitted.) Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382, 384 (1971). "The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). The opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "Mere assertions of fact . . . are insufficient to establish the CT Page 2208 existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Citations omitted.) Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,12, 459 A.2d 115 (1983). In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
The Lathrops argue that, as abutting landowners, they have no duty to third parties who are injured on a public sidewalk. "`The existence of a duty is a question of law. . . . Only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. (Citation omitted.) Shore v. Stonington, 187 Conn. 147, 151-52 444 A.2d 1379 (1982)." Behlman v. Universal Travel Agency, Inc. 4 Conn. App. 688,691, 496 A.2d 962 (1985); see Burkle v. St. George's Church, Superior Court, judicial district of New Haven, Docket No. 288576 (March 3, 1992, Reilly, J.). "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, supra, 280, citing Tenney v. Pleasant Realty Corp., 136 Conn. 325,329, 70 A.2d 138 (1949).
In the present case, there is a town ordinance in Suffield, Sec. 15-1, regarding an abutting landowner's duties to maintain public sidewalks which states:
 The owner of any premises in the town in front of whose premises any sidewalk is in need of repair shall forthwith repair all defects therein in any way endangering or incommoding public travel upon the same and shall maintain such sidewalk in a safe condition and convenient for the use of the public and shall remove therefrom without delay any and all obstructions that may be placed or found thereon.
This ordinance may create a duty on the part of the Lathrops to maintain the sidewalk in a safe condition for pedestrian traffic. However, CT Page 2209
 [i]t is a general rule of construction of statutes or ordinances which impose upon property owners the performance of a part of the duty of a municipality to the public that a legislative intent is indicated, unless it is plainly expressed otherwise, that a breach thereof shall be remediable only by the municipal government or by enforcement of a penalty prescribed therein, and that there is no right of action to an individual citizen specially injured in a consequence of such breach. The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements. . . . When a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent.
(Citations omitted; internal quotation marks omitted.) Willoughby v. New Haven, 123 Conn. 446, 451-52, 197 A. 85
(1937); see Agosto v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256608 (December 18, 1990, Flynn, J.). Therefore, "[a]butting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." (Citation omitted.) Willoughby v. New Haven, supra, 454.
While the Suffield ordinance may impose upon the Lathrops a duty to maintain the public sidewalks that abut their property, the ordinance does not impose upon the property owners any liability to injured third parties. The Lathrops may owe a duty to the city, but the ordinance does not create liability based on a failure to comply with the statute. Accordingly, the motion for summary judgment as to count five is granted. CT Page 2210
The Lathrops next argue that they cannot be liable for a nuisance because the plaintiff has failed to allege an affirmative act. "An abutting landowner is under a duty to avoid affirmative acts which `render the walk unsafe for public travel.'" Coyle v. City of Waterbury,5 Conn. L. Rptr. 342, 343 (December 6, 1991, Blue, J.), quoting Hanlon v. City of Waterbury, 108 Conn. 197, 200, 142 A. 681 (1928); see also Stevens v. Neligon, 116 Conn. 307, 164 A. 661 (1933). "An abutting landowner `is liable in damages for a nuisance maintained by him upon it.'" Coyle v. City of Waterbury, supra, quoting Perkins v. Weibel, 132 Conn. 50, 52,42 A.2d 360 (1945). "Liability is imposed upon landowners for a wide range of nuisances on property that they actually own and control. But the liability imposed on abutting landowners is much more limited. That liability is limited to cases of affirmative acts." Coyle v. City of Waterbury, supra.
The plaintiff has failed to allege an affirmative act on the part of the Lathrops and the facts do not evidence an affirmative act on the part of the Lathrops. The Lathrops cannot, as abutting landowners, be liable for maintaining a nuisance where they have not performed an affirmative act that constitutes a nuisance. Accordingly, the Lathrops' motion for summary judgment is granted with respect to the plaintiff's nuisance claim in count six.
Mary R. Hennessey, Judge