[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On April 28, 1995, Esther Smith ("plaintiff"), filed a one count complaint sounding in negligence against The Stop Shop Supermarket Co. ("Stop Shop"). Therein, the plaintiff alleges that Stop Shop is liable to her for the injuries she sustained when a motorized shopping cart being operated by another patron of the supermarket struck her.
On July 14, 1995, Stop Shop filed a motion for summary judgment, and a memorandum of law in support thereof, alleging that CT Page 10906 no genuine issue of material fact exists and it is entitled to judgment as a matter of law, because Stop Shop owed no duty to the plaintiff to protect against the incident forming the basis of the plaintiff's complaint.
In response, on August 7, 1995, the plaintiff filed a, memorandum of law in opposition. Therein, the plaintiff argues that Stop Shop does have a duty to protect its business invitees from the dangerous conduct or activities of third persons on its premises where, as here, it is alleged that Stop Shop knew or should have known about the danger posed by such conduct or activities. Further, the plaintiff argues that summary judgment is inappropriate at this time, because a genuine question of material fact remains regarding the issue of whether Stop Shop had such, actual or constructive knowledge at the time of the subject incident.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99, cert. denied, ___ U.S. ___, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993). "A `material' fact . . . [i]s a fact which will make a difference in the result of the case." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969). "The test is whether a party would be entitled to a directed verdict on the same facts." State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
The essential elements of a negligence cause of action are as follows: duty; breach of that duty; causation; and actual injury.RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994); Doe v. Manheimer, 212 Conn. 748, 755, 563 A.2d 699
(1989). "The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the, particular situation at hand." (citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,
supra, 231 Conn. 384. See also Behlman v. Universal Travel Agency,Inc., 4 Conn. App. 688, 691, 496 A.2d 962 (1985) ("[n]egligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform").
Stop Shop does not dispute that, at the time of the subject incident, the plaintiff was a patron or customer on its premises. CT Page 10907 As such, the plaintiff was a business invitee of the store. Gulyczv. Stop Shop Cos., 29 Conn. App. 519, 521, 615 A.2d 1087 (1992). See also Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323,335 n. 4, 612 A.2d 1197 (1992).
Additionally, Stop Shop does not dispute that, at the time of the subject incident, it was the possessor of the subject premises. As such, it had a duty to exercise reasonable care and control to protect its invitees from dangers which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place thereon. Merhi v. Becker, 164 Conn. 516,520, 325 A.2d 270 (1973). See also Kopjanski v. Festa, 160 Conn. 61,65, 273 A.2d 692 (1970) (a possessor of premises has a duty to invitees to use reasonable care to see that the premises are constructed and maintained so as to be reasonably safe, to warn invitees of dangers which they can not reasonably be expected to anticipate, and to take reasonable precautions to prevent injury to invitees when the possessor knows or reasonably should know of dangers present on the premises); Murolo v. First NationalSupermarkets, 8 CSCR 499, 499 (April 23, 1993, Leheney, J.) (a supermarket owes a duty to its business invitees to keep its premises in a reasonably safe condition).
Nonetheless, Stop Shop argues that where, as here, an invitee's injuries are sustained as a result of a third person operating a shopping cart in a dangerous manner on its premises, its duty to said invitee is eradicated. The only Connecticut case relied on by Stop Shop to support this assertion, however, isSamuelson v. J.C. Penney Co., 9 CSCR 257 (February 17, 1994, McDonald, J.), wherein the court was confronted with the same issue presented here; namely, "whether the defendant had a duty to prevent third persons from operating shopping carts in a dangerous manner."
In Samuelson v. J.C. Penney Co., supra, which involved a plaintiff struck by a shopping cart operated by a child, the court concluded, based on the pleadings before it, that the plaintiff had not sufficiently set forth a negligence cause of action and, accordingly, granted the defendant's motion to strike. In doing so, however, the court specifically pointed out that "the plaintiff has not alleged facts showing that the defendant had actual or constructive notice that the child who struck the plaintiff posed a danger to other customers in using the cart." Id., 257-58.
In the present case, in contrast, the plaintiff has expressly CT Page 10908 plead that "Stop Shop knew, or with reasonable inspection should have known of the dangerous and hazardous condition a motorized cart posed to the plaintiff and/or other invitees who were pedestrians in said supermarket." Complaint, ¶ 7(d).
There is authority for the proposition that, where a proprietor has "actual or constructive notice of a danger," the proprietor has a duty to protect patrons from said danger. See, e.g., Gulycz v. Stop Shop Cos., supra, 29 Conn. App. 521 (if a defendant breaches its duty to invitees to keep its premises in a reasonably safe condition, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the invitee is entitled to recover damages for her injuries); Murolo v. First National Supermarkets, supra, 8 CSCR 499
(a business invitee of a supermarket may recover damages if she proves that the supermarket had actual or constructive notice of the defect within a reasonable time to remedy it). Said duty exists, moreover, even where the alleged danger results from the act of a third person. Freundlich v. Leonard, Superior Court, judicial district of Danbury, Docket No. 312763 (May 10, 1995, Stodolink, J.) (defendants' motion to strike denied, where plaintiff alleged that she sustained injuries in a store after a youth collided with her, because plaintiff alleged that the defendants knew or should have known that their acts or omissions would create a risk of harm to those invitees using the premises).
The court concludes that a duty was owed by Stop Shop, the possessor of the subject premises, to keep its premises in a reasonably safe condition for its invitees, including the plaintiff. Further, the court agrees with the plaintiff that a genuine issue of material fact remains regarding the issue of whether Stop Shop had actual or constructive notice of the alleged dangers posed by its motorized shopping carts.
Accordingly, Stop Shop's motion for summary judgment is hereby denied.
BY THE COURT,
STANLEY, J.