[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs commenced an action against the defendant for personal injuries alleged to have been caused by the negligence of the defendant and for loss of consortium.
From the evidence presented, the court finds that the plaintiff, David Winchell, entered the Stop Stop market on Saturday, October 13, 1990 at approximately 9:00 a.m. It was raining at the time and had been raining for a period of time prior to the plaintiff entering Stop Stop.
There was credible testimony that the rain started about 6:30 a.m. and ended about 11:00 a.m., with the heaviest downpour between 8:00 a.m. to 11:00 a.m.
Plaintiff was in the store for approximately 15 minutes and had proceeded to the checkout register when he realized he had forgotten his wallet. He went to this car and returned to pay for his purchases. He walked approximately 25 feet, slipped and fell. The plaintiff's testimony was that there was one mat on the floor. The testimony from the defendant was that there was at least three mats on the floor at the time of the injury. The plaintiff testified that he slipped on the wet floor.
There was no witness to the fall. CT Page 11582
The defendant's "sweep log" showed that a general sweep of the area was conducted 30 to 45 minutes prior to the fall. It was further store policy for the defendant to put out additional mats on rainy days.
There is no evidence that any of defendant's employees had actual knowledge of water at the location where the accident occurred. The claim, however, is that given the totality of the circumstances, the defendant should be charged with constructive notice of the existing condition. This court agrees.
The defendant relies upon Murolo v. First NationalSupermarkets, Inc., 8 CSCR 499 (May 24, 1993 Leheny, J.), in support of its position that mere existence of a foreign substance does not warrant an inference of constructive notice. The defendant also cites Cruz v. Drezek, 175 Conn. 230 (1978). These cases are distinguishable from the present case. Here there was a long period of heavy rain and steps could have been taken to put more mats out to protect the area from rain accumulation. In fact, this was the defendant's policy.
The court finds that, given the totality of the circumstances, the defendant had constructive notice of the circumstances which led to the plaintiff's fall.
The court will award damages in accordance with General Statutes, Secs. 52-225a, 52-572h(a), and (f). For economic damages, the court awards $21,855, which sum represents the special damages of $15,623 and three weeks lost wages of $6,232.
Non-economic damages are awarded as follows:
1. For bodily injury, the sum of $10,000.
2. For mental and emotional suffering, the sum of $40,000. No finding is necessary under Connecticut General Statutes, Secs.52-572h(a)3 and (a)4. Total damages are found to be $71,855.
3. The percentage of negligence that proximately caused the injury by the defendant is 100 percent. The percentage attributable to the plaintiff is zero (0) percent.
Mihalakos, J. CT Page 11583