[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT #161) (SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT #169)
The plaintiff in this case alleges that he sustained serious injuries when he fell through an open stairway hole in a house which was under construction. The plaintiff alleges that he was on the premises responding to a call in his capacity as a volunteer fire/police officer for the Town of Branford.
The named defendants are the owners of the premises, Joseph and Mary Beth Canavan, the general contractor, Barrett Ertelt, d/b/a Hallmark Associates, the framing subcontractor Leonard Cottiero and the subcontractor which was to install the stairways, West Hartford Stairs and Cabinets, Inc. The defendant West Hartford Stairs and Cabinets, Inc., hereinafter referred to as "West Hartford Stairs" has filed a motion for summary judgment with respect to the third count of the plaintiffs complaint dated June 8, 1999. The First Count is directed to the defendants Canavan. The Second Count is directed against the general contractor, while the Fourth Count is directed against the framing contractor. This motion for summary judgment applies to the Third Count which is the only count that pertains to the defendant West Hartford Stairs. The motion for summary judgment is filed pursuant to Practice Book § 17-44 et seq.
 I
On June 21, 1997, volunteer firefighters from the Town of Branford, Michael Stackpole and Geoffrey Holtz, responded to a call that a tree branch had fallen on an overhead power wire near 1 Selden Avenue, the subject premises. Firefighter Stackpole and Holtz responded to the CT Page 9395 scene in their fire truck. They parked the fire truck in front of the Selden Avenue residence, which was then under construction. The firefighters assessed the scene and called the power company to repair the wire. Firefighter Holtz then suggested to Stackpole that they tour the premises at 1 Selden Avenue. Shortly thereafter, the plaintiff, who was also a firefighter arrived and followed Holtz and Stackpole inside. While inside the premises the plaintiff fell through an open staircase hole falling to the basement from the first floor.
In the Third Count the plaintiff has alleged that West Hartford Stairs was "contracted to install a stairway at the 1 Selden Avenue property," said premises being owned by the defendants Canavan. The plaintiffs further allege that West Hartford Stairs was careless and negligent in several ways. The plaintiff alleges that West Hartford Stairs failed to insure the safety of "all inspectors, workers and the general public" by failing to take precautions to prevent injury. The plaintiff also alleges violations of various sections of the State Building Code, O.S.H.A. regulations and a lack of barriers or warning signs regarding the open hole in the floor. The plaintiff further alleges that the dangerous and defective conditions existed for an unreasonable time, and West Hartford Stairs "knew or in the exercise of reasonable care, should have known of the existence of such defective conditions and yet failed to remedy and correct the same."
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994).
The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot CT Page 9396 reasonably and legally find in any fashion other than that directed.Santopietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996). The issue of causation is a question of fact for the trier of fact, Abrahamsv. Young and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374,423 A.2d 77 (1979). However, negligence is a breach of duty and the existence of a duty is a question of law. Only if a duty is found to exist does the trier of fact then determine if the duty has been breached. Petriello v. Kalman, 215 Conn. 377, 576 A.2d 474 (1990);; Shorev. Stonington, 187 Conn. 147, 151-52, 444 A.2d 962 (1982); Behlman v.Universal Travel Agency, Inc., 4 Conn. App. 688, 691, 496 A.2d 962
(1985). "Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform. . . ."Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 44-45, 492 A.2d 219
(1985).
 II
In its motion for summary judgment dated October 4, 2000 and its supplemental motion for summary judgment dated February 12, 2002, the defendant West Hartford Stairs contends that it did not owe the plaintiff a duty, as alleged in the plaintiffs complaint. The defendant argues that there was no contract or agreement for West Hartford Stairs to install a stairway or the subject premises as of the date of the plaintiffs accident on June 21, 1997. The defendant also argues that it cannot be liable to the plaintiff because it did not possess the property where the plaintiff claims to have sustained his injuries. Further, the defendant argues that it owed no duty to the plaintiff as the plaintiff was a trespasser and that the firefighter's rule bars the plaintiff's claim.
In deciding the motion for summary judgment and the supplemental motion for summary judgment the court has reviewed all documents and deposition transcripts filed by the parties and has construed them in a manner most favorable to the plaintiff.
 III
"In order to recover in a tort case, the plaintiff must show that the defendant has breached a legal duty owed to him." Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 44-45, 492 A.2d 219 (1985). "The CT Page 9397 requisite duty to use care may stem from a contract, from a statute, or from circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result." Id.
Documentation submitted to the court shows that in August, 1996, West Hartford Stairs submitted a preliminary proposal to the contractor, defendant Hallmark Associates, Inc. for the construction of "circular stairs and balcony rails." The initial proposal was "subject to change upon physical measurements and first selection." There is evidence that a representative of West Hartford Stairs conversed with the general contractor and visited the job-site in preparation for submitting a final proposal, but there is no evidence that the defendant West Hartford Stairs worked at the job-site or caused its materials or equipment to be delivered to the subject premises prior to the plaintiffs fall at the premises. Documentary evidence submitted does show that the defendant West Hartford Stairs did submit a written proposal to the general contractor dated June 2, 1998, which was accepted in working by the general contractor on June 10, 1998. This was approximately one year after the plaintiff sustained his alleged injuries.
The plaintiff argues that by the time this proposal was accepted by the general contractor on June 10, 1998, the defendant West Hartford Stairs had essentially performed what it was obligated to do under the contract. The plaintiff claims the staircase was actually installed prior to the signing of the contract on June 10, 1998. However, the plaintiff presents no evidence or deposition testimony that the defendant was on the premises constructing the staircase prior to the plaintiff's fall on June 21, 1997. Deposition testimony confirms that any barricades or coverings around or over the open staircase hole were removed at the direction of the general contractor in anticipation of West Hartford Stair's arrival to commence work. There is no evidence that West Hartford Stairs removed the barricades or coverings or that West Hartford Stairs requested that they be removed.
A written contract signed by West Hartford Stairs and the general contractor did not exist on the date of the plaintiff's injuries, nor had West Hartford Stairs commenced performance of its work pursuant to its initial proposal by any construction work on the premises.
West Hartford Stairs did not possess the property where the plaintiff claims to have been injured. The plaintiff has not alleged that the general contractor and the defendant property owners were, in fact, in possession and control of the property. Liability for injuries arising out of the defective premises depends on possession and control. Wright, Fitagerald and Ankerman, Connecticut Law of Torts, § 46 at 108 (1991); Farlow v. Andrews Corp.,
CT Page 9398154 Conn. 220, 225 224 A.2d 546 (1966); Mack v. Clinch, 166 Conn. 295,296, 348 A.2d 669 (1974); Ciezynski, v. Franklin Corp.,25 Conn. Sup. 342, 345 (1964).
The plaintiff argues that whether the defendant was in possession and control of the premises has no bearing on the duty owed to the plaintiff. He points to Minton v. Krish, 34 Conn. App. 361, 642 A.2d 18
(1994), which held that an independent contractor is liable to anyone who may be foreseeable injured by the contractor's negligence, and that one doing work as an independent contractor is liable for the results of his own negligence. Leary v. Johnson, 159 Conn. 101, 104, 267 A.2d 658
(1970). The plaintiff also cites Coburn v. Lenox Homes, Inc. 173 Conn. 567,575, 378 A.2d 599 (1977) which rejected the theory of control as it applies to a contractor's work. However, the plaintiff can not overcome the fact that the defendant West Hartford Stairs had not commenced any work prior to the plaintiffs accident. The fact that the general contractor and the framer constructed stair openings in anticipation of West Hartford Stairs arrival to construct the stairways is insufficient to invoke the question of foreseeability and duty of care as it would apply to West Hartford Stairs. There is no evidence that West Hartford Stairs requested that any barricades or floor coverings around and over the stair openings be removed or that it had any knowledge of their removal by the general contractor and/or framer. Minton v. Krish, supra, and Coburn v. Lennox Homes, Inc., supra, have no application to this matter.
Based upon the foregoing, the court need not determine the question of whether the plaintiff was a trespasser at the time of the incident. Nor does the court need to address the question of whether the plaintiffs action is barred by the firefighter's rule, which would give the plaintiff status as a licensee. Furstein v. Hill, 218 Conn. 610, 615,590 A.2d 939 (1991).
Accordingly, the motion for summary judgment and the supplemental motion for summary judgment filed by the defendant West Hartford Stairs are hereby granted.
The Court By ____________________ Arnold, J